UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' ANNUITY FUND, and <br> CENTRAL LABORERS' WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> OMEGA DEMOLITION CORP., <br> an Illinois corporation, <br><br> Defendant. | 18-C-6399 |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al.*, by their attorneys, for their complaint against Defendants OMEGA DEMOLITION CORP., allege as follows:

## COUNT I
(Claim under ERISA for an audit against OMEGA DEMOLITION CORP.)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiffs are multiemployer pension funds, welfare funds, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the

meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by LMRA, 29 U.S.C. § 185(a).

3. Plaintiffs receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. Plaintiffs' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between Plaintiffs and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiffs with respect to fringe benefit contributions and dues payments.

5. OMEGA DEMOLITION CORP. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). OMEGA DEMOLITION CORP. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) AND 1002(14)(C).

6. OMEGA DEMOLITION CORP. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. OMEGA DEMOLITION CORP. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), OMEGA DEMOLITION CORP. became a party to and bound by Plaintiffs' trust agreements.

8. OMEGA DEMOLITION CORP. became a party to and bound by one or more participation agreements with Plaintiffs. Copies of such participation agreements are attached as *Exhibit B*. OMEGA DEMOLITION CORP. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), OMEGA DEMOLITION CORP. became a party to and bound by Plaintiffs' trust agreements.

10. OMEGA DEMOLITION CORP. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiffs.

11. OMEGA DEMOLITION CORP. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. OMEGA DEMOLITION CORP. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiffs.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, OMEGA DEMOLITION CORP. is required to make fringe benefit contributions and dues payments to Plaintiffs on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreement. Under the terms of the agreements, OMEGA DEMOLITION CORP. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective

bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, OMEGA DEMOLITION CORP. is required to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to Plaintiffs.

15. Upon information and belief, OMEGA DEMOLITION CORP. has failed to make some of the contributions from time to time required to be paid by it to Plaintiffs pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. OMEGA DEMOLITION CORP. has failed and refused to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to the Funds.

17. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of OMEGA DEMOLITION CORP. for a period beginning January 1, 2013 through as current a date as possible.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against OMEGA DEMOLITION CORP. in favor of Plaintiffs.

B. Order OMEGA DEMOLITION CORP. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order OMEGA DEMOLITION CORP. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order OMEGA DEMOLITION CORP. to pay auditors' fees to Plaintiffs.

E. Order OMEGA DEMOLITION CORP. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order OMEGA DEMOLITION CORP. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

## COUNT II
(Claim under ERISA for audit costs incurred to date)

1. - 17. Plaintiffs reallege paragraphs 1 - 17 of Count I.

18. Plaintiff's auditor incurred costs to audit OMEGA DEMOLITION CORP. on February 20, 2018, however OMEGA DEMOLITION CORP. failed to submit to an audit at that time.

19. Audit costs, for which OMEGA DEMOLITION CORP. is liable in accordance with the collective bargaining agreements, participation agreements and trust agreements, total not less than $1,111.65. WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against OMEGA DEMOLITION CORP. in favor of Plaintiffs.

B. Order OMEGA DEMOLITION CORP. to pay auditors' fees to Plaintiffs in an amount not less than $1,111.65.

C. Order OMEGA DEMOLITION CORP. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order OMEGA DEMOLITION CORP. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

E. Grant Plaintiffs such other and further relief as may be just.

                    Respectfully submitted,
                    CENTRAL LABORERS' PENSION FUND, *et al*.

By:   /s/ *Richard A. Toth*
        One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

MAR-25-2002 MON 03:35 PM S&C LECET          FAX NO. 16189980447          P. 02

11162

# AGREEMENT BETWEEN

## THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS

AND

## SOUTHERN AND CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL

FOR

LOCAL #703 (CHAMPAIGN)
LOCAL #159 (DECATUR)
LOCAL #624 (DANVILLE)
LOCAL #171 (MATTOON)

COVERING

## HIGHWAY / HEAVY AND UTILITY CONSTRUCTION

IN

ILLINOIS HIGHWAY DISTRICT #5

MAY 1 2001 — APRIL 30 2005

**For The Union:**

Witnessing Union Agent: Danny Moyer (?)

Title: Business Manager
Local #: 171
Date: 12-13-01

**For The Company**

Company Name: Omega Demolition Corp.
Company Address: 1536 Brandy Pkwy, Streamwood IL 60107.
Phone: 630 837-3000   630 837-2300
Date: 12-20-01
Signed By: Charles Gerage
Title: president

43





EXHIBIT A

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2005, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this __1__ day of __July__, 20_03_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _165_

BY: _Rick L. Strut_
    ~~(Business Manager)~~
    Organizer/Field Rep.

NORTH CENTRAL IL LABORERS' DISTRICT COUNCIL

BY: _John F. Penn_
    (Business Manager)

(X) _Omega Demolition Corporation_
    (Contractor Name)

BY: _Charles George, Sr._
    (Name & Title)
    President

_311 w 5166 Spaulding Road_
    (Address)

_Elgin IL 60120_
    (City, State & Zip Code)

_630-837-3000_
    (Telephone Number)

_630-837-2300_
    (Facsimile Number)

▓▓▓▓▓▓▓▓▓▓▓▓
    (Federal Employer Identification Number)

RECEIVED
JUL 1 7 2003
[illegible stamp]

11162   05/06/2013  09:05   2175228890        LIUNA 477                    PAGE 04/08

By signing this Memorandum of Agreement which has been negotiated by and between the CENTRAL ILLINOIS BUILDERS OF AGC and THE SOUTHERN AND CENTRAL LABORERS' DISTRICT COUNCIL, LABORERS' LOCAL 159 (Decatur), LABORERS' LOCAL 477 (Springfield) and LABORERS' LOCAL 703 (Urbana), the undersigned Employer agrees to abide by all the Articles, stipulations and fringe benefits contained herein throughout the counties covered by Laborers' Local 159, Laborers' Local 477 and Laborers' Local 703.

## FOR THE COMPANY

Company Name: OMEGA DEMOLITION CORP

Company Address: 31W 566 SPAULDING RD
Street Address and/or PO Box

ELGIN / IL / 60120
City / State / Zip Code

Fax Number: 630-837-2300

Phone: 630-837-3000

Email Address: LARRYV@OMEGA-DEMOLITION.COM

Signed By: [signature]   Date: 5-6-13

Printed Name and Title: LARRY VIVERA  PM

## FOR THE UNION

Southern & Central Illinois Laborers' District Council

Signed By: [signature]
Clint B. Taylor, Business Manager

[signature]
Witnessing Union Agent and Title

Date: _____   Local Number: _____

RECEIVED JAN 2 2 2014

11162

H#30

## PARTICIPATION AGREEMENT

K/K

1. This Participation Agreement is entered into between **OMEGA DEMOLITION CORPORATION** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

**4.00** per hour to Central Laborers' Pension Fund
**2.70** per hour to Central Laborers' Welfare Fund
**1.70** per hour to Central Laborers' Annuity Fund
**.30** per hour to Illinois Laborers' and Contractors' Training Trust Fund
_____ MRFFC

_____ per hour to Industry Advancement Fund
**1.40** Working Dues (% or cents per hour)
**.27** LECT
**.10** Other **RTRE W**
**.50** Other **Vacation**

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**
Name of Business: Omega Demolition Corporation
Address: 1536 Brandy Pkwy
City/State/Zip Code: Streamwood IL 60107
Telephone: 630 837-3000  FAX 630 837-2300
Authorized Signature
Title: President
Date: 12-20-01

**CENTRAL LABORERS' FUNDS**
Authorized Signature
Title: Executive Administrator

**UNION**
Territory in which Agreement signed: Local **171**
Authorized Signature
Title: Business Manager
Date: 12-13-01

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

EXHIBIT B

11162

#36

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **Omega Demolition Corp.** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 4.00 | per hour to Central Laborers' Pension Fund | _____ | per hour to Industry Advancement Fund |
| 4.30 | per hour to **NCIL LABORERS** Welfare Fund | 3.25 % | Working Dues (% or cents per hour) |
| 3.70 | per hour to **Central Laborers** Annuity Fund | .22 | LECET |
| .40 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | _____ | Vacation |
| .08 | MRFFC mRoC | _____ | Other _____ |
| | | _____ | Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Name of Business: Omega Demolition Corp.
Address: 31 W Side Spaulding Rd.
City/State/Zip Code: Elgin IL 60120
Telephone: 1-30-837-3000
Authorized Signature: [signed]
Title: President
Date: 7/11/03

**CENTRAL LABORERS' FUNDS**

Authorized Signature: [signed]
Title: Executive Director

UNION
Territory in which Agreement signed: Local ____
Authorized Signature: [signed]
Title: Organizer Field Rep.
Date: 7-11-03




White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 02/03) 2M

09/29/2008 11:48 6308372300 OMEGA DEMOLITION PAGE 04
09/15/2009 13:54 3095880749 LABORERS LOCAL 165 PAGE 07/10

11162

B/49

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **OMEGA DEMOLITION CORP** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   **7.19** per hour to Central Laborers' Pension Fund
   **6.25** per hour to **NCIF** Welfare Fund
   **0.90** per hour to **CL** Annuity Fund
   **.70** per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program
   **.20** MROC
   **.35** Market Preservation

   **.15** per hour to Industry Advancement Fund
   **.70** Working Dues (% or cents per hour)
   **.06** LECET
   **.10** Vacation Bldg. Trs.
   **.04** Other Tricon
   **.05** Other Bldg Fund

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Name of Business: Omega Demolition Corp. | Authorized Signature |
| Address: 31W566 Spaulding Rd. | Executive Director |
| City/State/Zip Code: Elgin, IL 60120 | UNION |
| Telephone: | Territory in which Agreement signed: Local **165** |
| Authorized Signature: | Authorized Signature: Organizer - Field Rep. |
| Title: President | Title: |
| Date: 9-21-08 | Date: 9/29/08 |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267,
Pink copy: Employer
Yellow copy: District Council or Local Union

RECEIVED OCT - 2 2008

(Rev. 02/03) 2M